**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0027n.06

No. 10-3915

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 09, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JAVIER ADOLFO CIFUENTES, JOHNNY X. MACARIO, SARA K. MACARIO, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) | |

Before: SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. In August 2006, the government initiated removal proceedings against Petitioner Javier Cifuentes and his children, Johnny and Sara Macario. Cifuentes and his children applied for asylum and withholding of removal. An immigration judge ("IJ") denied these applications because Cifuentes failed to establish either past persecution or a well-founded fear of future persecution. The IJ likewise denied Cifuentes's application for "special rule" cancellation of removal under section 203 of the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). The Board of Immigration Appeals ("BIA") then dismissed his appeal.[1]

---

[1] The IJ granted Cifuentes's application for cancellation of removal under § 240A(b) of the Immigration and Nationality Act ("INA"). The IJ likewise granted the cancellation application filed by Cifuentes's wife, Blanca Zarate, who is not a party to this appeal. The cancellations do not extend to their children, derivative petitioners Johnny and Sara Macario. Neither Cifuentes nor the government appealed this portion of the IJ's decision.

We review questions of law de novo. *See Stserba v. Holder*, 646 F.3d 964, 971 (6th Cir. 2011). Conversely, we review factual findings for substantial evidence and reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)) (citation and internal quotation marks omitted).

Substantial evidence supports the IJ's conclusion that Cifuentes is ineligible for asylum, *see* 8 U.S.C. § 1158, withholding of removal, *see* 8 U.S.C. § 1231(b)(3), or protection under the Convention Against Torture ("CAT"), *see* 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18. Cifuentes did not testify that he suffered persecution or torture in Guatemala before he entered the United States. Rather, he expressed a vague fear that if deported, he "could be" harmed or have a "negative experience" at the hands of the government, a neighbor, or "people in gangs thinking that he was returning to Guatemala with money." These "unsupported assumptions or suppositions," as the IJ appropriately found, evince neither an objectively reasonable, well-founded fear of returning to Guatemala nor a likelihood that he will be tortured. Because Cifuentes fails to meet his asylum burden of proof, he also fails to satisfy the higher burden required to establish eligibility for withholding of removal. *See Rreshpja v. Gonzales*, 420 F.3d 551, 557 (6th Cir. 2005).

We likewise affirm the IJ's denial of Cifuentes's "special rule" application for cancellation of removal. Cifuentes's stated basis for special rule eligibility is that he registered for benefits under the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal.

1991). The IJ concluded that Cifuentes failed to demonstrate that he timely applied for *ABC* benefits. *See* 8 U.S.C. § 1229a(c)(4)(A) ("An alien applying for relief or protection from removal has the burden of proof to establish . . . the applicable eligibility requirements"); *id.* § 1229a(c)(4)(C) (permitting IJ to "base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the consistency of such statements with other evidence of record"). Cifuentes testified before the IJ that in 1990, he "went to a notary office with other friends" in California and "fill[ed] out some forms," though he "could not testify exactly as to the nature or purpose of those forms." He claims he lost his copy of this paperwork and did not check back with the Immigration Service for "many, many years." Silvan Lopez submitted an affidavit to the IJ on Cifuentes's behalf stating that he saw Cifuentes filling out paperwork at an office where individuals were applying for *ABC* benefits, but Lopez's affidavit contradicted Cifuentes's account of how they met and, in any case, Lopez did not specifically attest that he saw Cifuentes fill out *ABC* paperwork. The IJ ultimately concluded that Cifuentes's story was "not plausible or credible." Because a reasonable adjudicator would not be compelled to conclude otherwise, we affirm this denial.

We deny the petition.